## Joseph Bloomfield et al. administrators *cum testamento annexo* of William Humphreys *against* Susannah Budden et al.

### S. C. 2 Dall. 183.

R devises certain lands to S, his widow for her life; remainder to his two children: S and the children mortgage the lands, which are sold under a *levari facias:* the widow shall be allowed to take the surplus money out of court, on giving security for the payment of the principal sum after her death.

RICHARD BUDDEN made his will, and devised certain real property in the city of Philadelphia, to Susannah his widow, during life, remainder to his two children, James and Susannah, who intermarried with William Stricker. His executors having resigned their trust, administration was granted to Susannah his widow, and James his son, who is now dead.

After the testator's death, the widow and children joined in a mortgage to William Humphreys, for the proper debt of James Budden and William Stricker (as the same was now sworn to by Mrs. Stricker) and the said James and William gave their bond to accompany the mortgage. The mortgaged premises (which were devised to the widow during life) were sold by *levari facias*, at the suit of the plaintiffs, for 1505l. on the 25th June 1791, and a surplus remained after paying off the mortgage and costs.

The question was, to whom the said surplus was to be paid?

At the last January term, a rule was entered by consent, "that the administrators of James Budden take the surplus *188]  *"money out of court, paying the same over to the "creditors of James Budden, and giving security under "the direction of the court to the widow of Richard Budden, "for the payment of the annual interest of the money to "her."

That rule had not been complied with, and now Mr. M. Levy, on the affidavit of Susannah Stricker, moved that the money might be paid over to Susannah Budden, the widow of Richard Budden, without giving any security for the same.

He urged that at law, she was clearly entitled thereto, both as surviving administratrix with the will annexed of her late husband, and also as tenant for life of the property, out of which the money arose; and therefore there must be strong equity indeed, to repel her from taking the same.

This equity could only be in the representatives of her son James, or his creditors. But she also is a creditor of her son. She joined in the mortgage as his surety and Stricker's, and therefore, according to Justice Ashurst, having contributed her life estate for their benefit, could maintain an action for money paid. Doug. 133, 134. One partner paying more than his share may recover in *indebitatus assumpsit*. 2 Black.

[Bloomfield et al. *v.* Budden et al.]

Rep. 949. One defendant may prosecute a decree in equity against another: as where a surety pays money, the principal must undoubtedly indemnify the surety, and the court will make that decree over. 2 Vez. 622. If a conveyance had been made of land, the money not paid, as against vendee, his heir, or any claiming under him, as purchaser with notice of this equity, the land may be resorted to. 2 Ves. 622. When there is an absolute conveyance of lands, and part of the purchase money paid, the lands may be followed in the hands of a second or third vendee, when there has been notice. 1 Brown Cha. Rep. 421. A factor has a lien on goods in his custody for the general balance of accounts. 1 Burr. 494, 495. Cross demands should be favoured, by deducting the lesser sum from the greater, and liens should be favoured being founded in justice. 4 Burr. 2120, 2121. Liens are much favoured upon general principles of equity. Kaime's Prin. of Equ. c. 4.

Here the mother is a very meritorious creditor of her children, and abstracted from her claim at law, is entitled to every preference in equity, which this court can give her.

*E contra*, Mr. Sergeant, in behalf of the creditors of James Budden, insisted, that the court would not try the question of Mrs. Budden being a creditor of her son, in this summary mode, upon an *ex parte* affidavit. But admit her to be a creditor. Has she a lien? Has she sued and obtained judgment *against her son's administrators? Other *bonâ fide* [*189 creditors have obtained such judgments, and some of them previous to the sheriff's sale, which would undoubtedly create a lien on the real property. At present, the widow cannot be considered in a stronger light than a mere simple contract creditor, and must therefore wait until the prior judgments are discharged. As late tenant for life of the premises sold, she is entitled to the interest of the surplus during the term of her life, but to no more.

*Per Curiam.* We can permit Mrs. Susannah Budden to take the surplus money out of court on no other terms, than giving security under our direction, for the payment of the principal sum after her death, to the administrators of her son, for the use of his creditors. In the Common Pleas of Philadelphia county in the case of Whitehill *v.* Houston's executors, testator mortgaged a house and lot in Philadelphia, and then devised the same to his wife for life, remainder to his son in fee. The son mortgaged the remainder. The premises were sold on a *levari facias* on the first mortgage, and a surplus of near 80l. remained after paying the first mortgage and costs. It was there ruled that the second mortgagee on giving security for the payment of the interest of the surplus to the widow during her life, should take the surplus money out of court.